UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATASHA COBB,

       Plaintiff,                    CIVIL ACTION NO. 04 CV 40305 FL

       v.                           DISTRICT JUDGE PAUL V. GADOLA

BON SECOURS NURSING CARE,     MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court for a Report and Recommendation on the defendant's motions (1) to dismiss Plaintiff's complaint with prejudice, (2) to award additional costs and attorneys' fees in the amount of $2,809.00, and (3) to establish a date by which plaintiff must pay sanctions. Both parties agree that the case should be dismissed; the remaining issues are whether the dismissal should be with or without prejudice, with or without costs to the plaintiff and with or without a set date by which the plaintiff must pay sanctions. For the reasons discussed in this Report, it is recommended that the case be dismissed with prejudice, that the motion for additional costs and attorney's fees be denied, and that Plaintiff pay previously ordered sanctions of $3,270.70 within 30 days from the date of this Report.

    This action arises out of the employment of *pro se* Plaintiff, Natasha Cobb. She claims that Defendant employer, Sisters of Bon Secours Nursing Care Center, discriminated against and harassed her because of her race (African American) during her employment as a nurse's aide.

-1-

Plaintiff filed her complaint on or about October 27, 2004 and since then has failed to participate in the litigation.  Bon Secours served Interrogatories and Requests for Production of Documents on Plaintiff by certified and regular mail on February 16, 2005.  She signed for and received these.  Plaintiff did not respond to the Discovery Requests.  She also failed to appear for her deposition on April 11, 2005.  After admitting that she was neither injured, ill or otherwise incapacitated, counsel for the Defendant said he would wait for her if she reconsidered her refusal to appear.  However, she remained adamant that she would not.  Accordingly, this court entered an Order dated June 20, 2005, compelling Plaintiff "to provide full and complete answers, without objection, to Defendant's interrogatories and requests for production of documents within ten (10) days of the date of this Order."  The Order also compelled Plaintiff to appear for a deposition on or before July 7, 2005, and awarded Bon Secours sanctions in the amount of $3,270.70 for Plaintiff's conduct.

　　　According to the unrebutted affidavit of defense counsel, upon receipt of the Notice of Deposition that was scheduled for July 7, 2005, Plaintiff telephoned counsel for the Defendant.  She informed him that she had not yet obtained an attorney and that she was not sure if she would appear at the deposition.  Defense counsel telephoned Plaintiff several times to determine if she would appear for the deposition, but did not reach her until the morning of July 6, 2005, the day before the scheduled deposition. At that time, Plaintiff assured him that she would see him the following day for the deposition.  However, she called him back later that afternoon to indicate that she would not be appearing and that Bon Secours could "file whatever [motion it] want[s]."  Plaintiff acknowledged that she would be in violation of the Court's Order from June

20, 2005, and that Bon Secours would immediately move for additional sanctions, but she would not go forward with the deposition because she had not found an attorney. The defendant then brought the instant motion which the court set for hearing and oral argument on September 7, 2005, and gave plaintiff notice of the same. Plaintiff failed to appear for that hearing.

Federal Rules of Civil Procedure Rule 37(b)(2)©) provides that if a party fails to obey an order to permit discovery, the court in which the action is pending may enter an order dismissing the party's complaint. Federal Rules of Civil Procedure Rule 41(b) states that a defendant may move for dismissal of an action with prejudice if a plaintiff fails to prosecute her case or to comply with any order of court. In the instant case, Plaintiff failed to obey the order to permit discovery. Plaintiff is, in fact, in violation of each aspect of the Court Order of June 20, 2005. She refused to provide responses to interrogatories, refused to appear for a scheduled deposition and she has also refused to pay sanctions. She made it clear to defense counsel that she was aware of the Court's Order, and that she knew she was in violation of that Order by not attending the deposition on July 7, 2005. Before her failure to attend the deposition, she admitted that she knew that this violation could lead to dismissal of her case in addition to monetary sanctions.

Plaintiff argues in a letter filed by way of response to this motion that she does not have an attorney, and that is why she has refused to participate in the depositions, failed to return document requests and it is also her excuse as to why she did not file any of the necessary paperwork after the original Complaint. She would like her case dismissed without prejudice so she can start fresh with an attorney. However, that is a moot point because the statute of limitations has run, as it has been more than 90 days since she received her right-to-sue letter

from the EEOC.  She has done nothing to toll the 90-day period, therefore dismissing with or without prejudice would make no difference in her ability to re-file at a later date.  Based on her knowing conduct, dismissal should be with prejudice.

With respect to the Defendant's motion for additional attorney's fees and costs, the court recognizes that the Plaintiff has abused her right of access to the courts.  This is an action brought to remedy civil rights violations.  In such cases, attorney fees and costs may be awarded by a court in its discretion.  In analyzing an entitlement to fees under civil rights statutes, special consideration must be given to the nature of such statutes and the right of access to the courts protected by the First Amendment.  In a case brought to enforce the provisions of 42 U.S.C. § 1983, a prevailing plaintiff may recover attorney's fees in all but special circumstances.  However, a prevailing defendant may recover fees only when certain criteria are met.  Prevailing defendants are entitled to fees under Title VII where the plaintiff's claim is frivolous, unreasonable, meritless or vexatious.  Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978).  Although Christianburg Garment was a Title VII case, the Supreme Court held that the same criteria also applies in civil rights cases.  Hughes v. Rowe, 449 U.S. 5 (1980).  Under this criteria, a successful defendant may recover § 1988 fees only if the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.  See, e.g., Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994)(quoting Christianburg Garment).  Courts should be wary of engaging in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  Christianburg Garment Co., 434 U.S. at 421-22.

Furthermore, the threshold inquiry is "when does a party prevail?" The Supreme Court has stated that Congress intended to permit the . . . award of counsel fees only when a party has prevailed on the merits. Hanrahan v. Hampton, 446 U.S. 754, 758 (1980)(per curium). Although the case law is scant, it is not necessarily true that the defendant prevails when the plaintiff voluntarily dismisses the action with prejudice. Hughes v. Unified School District #330, 872 F. Supp. 882, 884 (D. Kansas, 1994) (collecting cases). The Hughes court and the Eighth Circuit in Marquart v. Lodge 837, 26 F.3d 842, 850-851 (8th Cir. 1994), held that the definition of prevailing defendant is a narrow one, one that requires a showing that the defendant has benefitted from a judicial determination going to the merits of its case. 26 F.3d at 852. The court is also sensitive to the fact that this is a *pro se* litigant, and has taken into account Plaintiff's ability to pay such damages. Because damages are not intended to be punitive and dismissal here is essentially procedural, it is recommended that no further monetary sanctions or fees should be imposed.

Although no new fees are recommended, due to the fact that Plaintiff has failed to offer timely explanation or pay previously sanctioned attorney's fees and costs, it is recommended that the court order Plaintiff to pay the sanctions previously imposed by the June 20, 2005 Order within thirty (30) days.

Accordingly, it is recommended that the case be dismissed with prejudice but without costs to the plaintiff and that Plaintiff be ordered to pay the original sanctions of $3,270.70 within thirty (30) days.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                            s/Virginia M. Morgan
                                            VIRGINIA M. MORGAN
Dated:  September 22, 2005          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATASHA COBB,

       Plaintiff,                CIVIL ACTION NO. 04 CV 40305 FL

       v.                         DISTRICT JUDGE PAUL V. GADOLA

BON SECOURS NURSING CARE,    MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on Natasha Cobb and the attorneys of record by electronic means or U.S. Mail on September 22, 2005.

                s/Jennifer Hernandez
                Case Manager to
                Magistrate Judge Morgan